945 F.2d 411
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John L. McCARTHY, Petitioner-Appellant,
v.
Warden HENMAN, Respondent-Appellee.
 No. 91-3197.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 4, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before us on petitioner's application for a certificate of probable cause, and motion for leave to proceed in forma pauperis, in order that petitioner might appeal the district court's dismissal of his petition for a writ of habeas corpus. We deny both the application and the motion.
 
 
 3
 Petitioner is currently in the United States Penitentiary at Leavenworth, Kansas, serving a Connecticut State sentence. He complains he was denied his constitutional rights in a disciplinary action taken against him after an incident at Lompoc, California, on August 27, 1989. On that day, petitioner was written up for refusing to obey an order from staff, and for encouraging a group demonstration. Specifically, staff ordered all inmates not to throw their trays from their cells after completing meals. At 3:50 p.m. on August 27, 1989, the guard on duty observed petitioner "pitch his tray from his cell and attempt to have other inmates act in concert by stating 'fuck this, lets trash the whole place.' " Thereafter, at 5:15 p.m. on the same day, corrections officers searched petitioner's cell. They discovered human feces rolled up between the pages of a Playboy Magazine. Petitioner was also written up for that incident, and discipline was imposed. That discipline is not contested in the current proceeding.
 
 
 4
 In his petition, petitioner alleges as his sole ground, that "I was denied afforded [sic] constitutional due process at a prison disciplinery [sic] hearing." As supporting authority, he cites numerous procedural regulations regarding the conduct of disciplinary proceedings. Neither the district court nor counsel for the government have attempted any analysis with respect to the propriety of petitioner's action in the form of a habeas proceeding. The petition is defective on its face in that regard. The petition does not allege that petitioner is in custody in violation of the constitution or laws of the United States, 28 U.S.C. § 2254(a), or that he is seeking relief which will entitle him to immediate release or speedier release from imprisonment. Preiser v. Rodriguez, 411 U.S. 475 (1973). Clearly petitioner is not presently in custody for the sanction of 30 days disciplinary segregation which was recommended for the infraction in question, and the complaint contains no allegation that petitioner's date of release is directly dependent upon the disciplinary finding in this case. Petitioner's general comment on the subject in a pleading filed subsequent to the petition is entirely insufficient. Furthermore, petitioner's pleadings filed subsequent to his petition confuse concepts found in civil rights actions with proceedings applicable to habeas relief.
 
 
 5
 In any event, by whatever description, petitioner's action states no arguable claim for relief. He attacks the mechanics of his disciplinary proceedings claiming that he was never allowed to appear at a disciplinary hearing, never signed a waiver of his appearance (as alleged by corrections officials), was never advised of his rights, was not allowed to call witnesses, was not allowed to have his named staff representative present, and was not given a summary of the findings and evidence against him. The government agrees that petitioner was entitled to notice of the charges against him, a right to call witnesses and present evidence in defense, the aid of the staff member in presenting a defense, and a written statement of reasons relied upon by the tribunal in imposing discipline against him. See, Wolff v. McDonnell, 418 U.S. 538 (1974). It claims that all those things were scrupulously provided. In support of its contentions, the government has included in the record documentation regarding the disciplinary proceeding in question which occurred on several levels, including an administrative appeal and determination by the central administrative office. Petitioner claims his signature on a waiver of appearance was forged, that statements by correctional officers as to a waiver of appearance at a subsequent hearing are lies and, generally, that "all the information contained therein [the B-P-10] is lies and fabrication." By his allegations petitioner attempts to set up a conflict in the facts which entitle him to an evidentiary hearing.
 
 
 6
 From our review of the record we are satisfied that petitioner received constitutional due process with respect to his discipline in this case, and that there is no conflict in the basic facts sufficient to justify a hearing. With respect to the notice of charges against him, petitioner makes no claim that he did not receive the incident report, described above, on August 27, 1989. That report shows on its face that it was delivered to petitioner, and it described the conduct for which he was later disciplined, as well as specifically stating the charge against him as "refusing to obey an order from staff, and encouraging a group demonstration." Petitioner also does not deny that hearings were in fact held on August 30 and September 13, 1989. He simply maintains that the authorities are lying when they say he refused to participate. Petitioner's unsupported statements that one corrections officer on one date (August 30), and two different correctional officers on another date (September 13), all told identical lies about his refusal to appear at disciplinary hearings on this matter, are insufficient to justify an evidentiary hearing. Further, petitioner does not contest the fact that he was accorded a full administrative appeal in which he made all of the arguments he raises now, or the fact that the appeals officer found his contentions to be without merit after examining each of them. The file also includes the written statement of reasons provided by the hearing tribunal with respect to the discipline imposed, and it is impossible not to conclude from reading petitioner's administrative appeal, that petitioner had the statement of reasons and other documents in his possession. Finally, petitioner asserts he was unable to call witnesses, but makes no attempt to identify anyone he wished to call, what efforts he made at any time in the administrative process to inform officials in that regard, or to suggest what any such witness would say. In fact, petitioner does not even attempt to demonstrate factual innocence.
 
 
 7
 In short, the file conclusively shows on its fact that petitioner was accorded his basic constitutional safeguards with respect to the discipline imposed for the incident in question. Because we find petitioner has neither raised a reasoned argument on the law and facts, Coppedge v. United States, 369 U.S. 438 (1962), nor demonstrated that the issues raised are debatable among jurists, Barefoot v. Estelle, 463 U.S. 880 (1983), we deny petitioner's application for a certificate of probable cause, and his motion to proceed in forma pauperis. The appeal is DISMISSED. All pending motions are DENIED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3