**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DONALD G. GREEN,

      Petitioner - Appellant,

v.

JOEL KNOWLES,

      Respondent - Appellee.

No. 98-1008
(D.C. No. 97-S-1281)
(District of Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

      Donald G. Green appeals the dismissal of his petition under 28 U.S.C. § 2241. His application for leave to appeal without payment of fees or costs is **GRANTED** and the judgment of the district court is **AFFIRMED**.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. The case is therefore ordered submitted on the briefs. Fed. R. App. P. 34(a): 10th Cir. R. 34.1.9.

Mr. Green pled guilty to the crime of murder in the second degree in a court of the State of New York and was sentenced to prison for a term of twenty-five years to life. While in state prison, he committed a number of federal offenses for which he was indicted in federal court in New York. For the purpose of trial, Mr. Green was transferred to federal custody and placed in a federal institution pending trial. Upon conviction of the federal offenses, he was sentenced to a mandatory period of life. The court specified that sentence was to commence after service of Mr. Green's state sentence.

Meanwhile, the Department of Correctional Services of the State of New York requested the Federal Bureau of Prisons to accept Mr. Green for boarding in the federal corrections system under the terms of an intergovernmental agreement. The Bureau of Prisons accepted the request and designated Mr. Green for placement in the United States Penitentiary, Leavenworth, Kansas where he resided for approximately twenty-seven months. He was then transferred to United States Penitentiary, High Security, Florence, Colorado where he presently resides.

Following transfer to Florence, Mr. Green filed his § 2241 petition in the federal court in Colorado alleging he was illegally transferred from state to federal custody because he was not returned to the custody of the state of New York following his federal trial. He therefore asked the federal court in Colorado "to return the petitioner back into New York States [sic] Custody." Mr. Green also asserted he was denied due process because he was never granted a custodial hearing before his transfer.

After reviewing the report and recommendations of the magistrate judge to whom the case was referred, and following its own independent review, the district court dismissed the petition. The court held Mr. Green's first claim of illegal transfer to federal jurisdiction is not cognizable under § 2241 because he was not seeking release from custody, citing *Prieser v. Rodriguez*, 411 U.S. 475, 484 (1973) and *McCarthy v. Henman*, No. 91-3197, 1991 WL 197168 (10th Cir. unpublished.) Moreover, the court observed, Mr. Green admitted he was only challenging the place of his confinement, not its duration. Further the court held that Mr. Green had not exhausted the administrative remedies available to him to test his transfer to federal custody.

Appealing that judgment, Mr. Green argues to us, as he did in the district court, that he should have been returned to the state following his federal conviction. Nonetheless, his real grievance is that his confinement in a federal institution has inhibited efforts to challenge his state conviction because there are no New York law books available to him at Florence. This grievance he converts into a Six Amendment claim of deprivation of meaningful access to the court in New York.

We review *de novo* a district court's dismissal for lack of subject matter jurisdiction. *Owen v. Magaw*, 122 F.3d 1350, 1352 (10th Cir. 1997). We review the district court's dismissal of Mr. Green's second claim on exhaustion grounds for abuse of discretion. *Massengale v. Board of Examiners*, 30 F.3d 1325, 1328 (10th Cir. 1994).

Our *de novo* review leads us to the conclusion the district court did not err in determining Mr. Green had not properly invoked the subject matter jurisdiction of the court. **Preiser**, 411 U.S. 500; **McCarthy v. Henman**, 91-3197, 1991 WL 197168 at *1 (10th Cir. Oct. 4, 1991). The gravamen of Mr. Green's petition is not his release from custody, but his transfer to a state institution in New York so he can, to his satisfaction, pursue pro se litigation in that state. The remedies available under §2441 will not permit him that relief.

The district court also refused to review Mr. Green's Sixth Amendment claim based upon the complaint that U.S.P. Florence will not provide him New York law books because he failed to exhaust the institutional remedies available to him. The Bureau of Prisons provides inmates with a multi level system of adjudication of institutional complaints. The process begins with the institutional staff and progresses though the Regional Director of the Bureau and finally to General Counsel. The record indicates Mr. Green launched in inquiry over the unavailability of New York legal materials, but does not disclose satisfactory evidence of his pursuit of that inquiry to either the Regional

Director or General Counsel. We see no abuse of discretion on the part of the district court.

**AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge